No. 31,987

MARY M. RICE, *Appellee,* v. THE CAPITOL BUILDING & LOAN ASSOCIATION, and H. W. PAGE and IRA BURKHOLDER, as PAGE & BURKHOLDER, et al., *Appellees;* FLOYD F. SHIELDS, *Appellant.*

(40 P. 2d 361)

Opinion filed January 26, 1935.

*Frank G. Drenning,* of Topeka, for the appellant.

*E. R. Sloan, W. Glenn Hamilton, F. A. Sloan* and *Eldon R. Sloan,* all of Topeka, for appellee Mary M. Rice; *P. H. Forbes,* of Topeka, for appellee The Capitol Building & Loan Association.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the holder of a second mortgage on real property to foreclose the mortgage subject to the first

mortgage. She made as parties defendant The Capitol Building & Loan Association (hereinafter called loan association), holder of the first mortgage, Page and Burkholder, holders of the mortgage alleged to be inferior to plaintiff's, and Floyd F. Shields, the record owner of the title. The loan association, by answer and cross petition, set up its mortgage and the amount due thereon and alleged that it was in possession of the property, and asked that its rights be adjudicated as a mortgagee in possession. Page & Burkholder set up their mortgage and the amount due thereon and asked that it be foreclosed subject to the rights of the holder of the first mortgage and of plaintiff under her mortgage. The defendant Shields answered alleging he was owner of the property subject to the mortgage, but specifically denied that the loan association was a mortgagee in possession; alleged he was entitled to the possession of the property and rents therefrom; asked that the loan association be required to foreclose its mortgage, and that the period of redemption be fixed at eighteen months. The only controverted question in the case was whether the loan association was a mortgagee in possession. After a trial to the court on the merits the court found that the loan association was a mortgagee in possession, found the amount due it, and rendered an appropriate decree, among other things, that it should not be required to give up possession until its mortgage debt was paid, and fixed a period of four months in which the defendant Shields could pay the debt, and if he did not do so that he have no further interest in the property. The court also found the amount due the plaintiff and that the same was a second lien on the property, also the amount found due Page & Burkholder, and that the same was a third lien on the property, and made appropriate provisions in the decree with respect to their liens.

Floyd F. Shields has appealed and contends that the court erred in finding that the loan association was a mortgagee in possession. This was largely a question of fact upon which there was parol as well as documentary evidence, and we examine the question only so far as to see whether there was substantial competent evidence to support the findings of the trial court. Briefly, the evidence on this point discloses that the property was owned by Lillian Oney. She had executed the several mortgages in litigation. In the aggregate their face value was approximately the fair, reasonable value of the property. She had other property at Kansas City which appears

also to have been encumbered, but which she hoped she might be able to save, but she practically lost hope of saving the property in litigation unless the rents from it would so reduce the first mortgage that she could dispose of it to some advantage. She went to the officers of the loan association and explained her purpose, stating she had a chance to lease the property in litigation for $55 per month, and expressed a desire to do so, have all the rents paid to the loan association, and have it look after the property and keep it in repair while she went to Kansas City to live and to look after her property there. This was agreed upon. The lease was approved by the loan association and provided all rents should be paid to it, and the tenant was advised and consented that the loan association should look after and care for the property and he would pay rent to it. That was done. Mrs. Oney moved to Kansas City. The loan association collected the rents, looked after the property and made repairs, some of which, such as renewing the furnace, were comparatively expensive. It kept Mrs. Oney advised of the expenditures made and rents collected, and Mrs. Oney did convey her interest in the property to the defendant Shields. Nothing, of course, was being paid on the second or third mortgages, which fact caused this action. There is abundance of evidence in the record to sustain the findings of the trial court. It is argued by appellant that the provisions in the lease by which the tenant was to pay the rents to the loan association would not, standing alone, make it a mortgagee in possession. That point is conceded, but it was only one of the items of evidence establishing the relation and understanding between the parties. The parties discussed an alteration of the lease after it had been written. The finding of the court on that point is sustained by evidence; there is no serious contention it is not so sustained; hence, the facts concerning it need not be detailed here.

Appellant further contends that the court erred in overruling his motion for a new trial in order to enable him to get additional evidence. The trial court found that there had been no diligence in procuring the evidence for the trial, and if it were obtained it would be cumulative only. The ruling was not erroneous.

We find no error in the record. The judgment of the court below is affirmed.