No. 34,205

The Independence Building & Loan Association, *Appellant*, v. Norman Albright and Bernice M. Albright, *Appellees.*

(92 P. 2d 17)

Opinion filed July 8, 1939.

*Claude J. Bryant* and *William J. Burns,* both of Independence, for the appellant.

*P. L. Courtright,* of Independence, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action whereby the plaintiff sought to be declared a mortgagee in possession. Judgment was for defendants. Plaintiff appeals.

The action was filed February 28, 1938. It was based upon a note dated June 21, 1929, executed by the defendants to the plaintiff for $1,600, payable in monthly installments of $22.50 until the note and interest was paid. This note was secured by a mortgage upon a town lot in the city of Independence.

The defendants lived in the property until sometime prior to February 16, 1934, when they moved to Coffeyville and rented the property. On that date, at the request of plaintiff, he executed and sent to the tenant a written instrument as follows:

"FEBRUARY 16, 1934.

"*Mr. Schroeder:*

"Please pay to the Independence Savings & Loan Association, 112 E. Myrtle, Independence, Kansas, all rents due me until further notice."

The tenant to whom defendant had rented the property occupied it until January 14, 1938, a period of almost four years, when he vacated it and handed the keys to plaintiff. Plaintiff entered upon the property, made repairs and rented it to another tenant.

Plaintiff collected rents in the sum of $468.75, made repairs in the amount of $205.17, and paid taxes in the sum of $347.18. The rents collected were not sufficient to pay these items and the interest on the note. Plaintiff alleged facts about as they have been detailed. In addition the petition contained the following allegation:

"V. Plaintiff further states that prior to the 16th day of February, 1934, the defendants vacated said property, and on the said 16th day of February, 1934, executed an assignment of the rents to this plaintiff, a copy of which is hereto attached, marked 'exhibit E' and made a part hereof, and plaintiff immediately, upon the delivery of said assignment, went into possession of said property, and has ever since remained in possession as mortgagee in possession, and has collected and received all rents and applied the same on taxes, repairs and interest."

The prayer was that plaintiff be declared to be a mortgagee in possession; that the amount due on the note be determined; that it be given a judgment for the amount of the note and for taxes and repairs in the sum of $1,968.13 and for an order fixing the period in which defendants might redeem, and on their failure to redeem that they be barred of any interest in the property.

The defendants answered that the real estate in question was their homestead; that they had been temporarily away because of employment in Coffeyville; that when they left they placed a tenant in possession; that they never delivered possession of the property or authorized the plaintiff to take possession or authorized anyone else to deliver possession to the plaintiff. The answer prayed that they be declared to have an eighteen-months period in which to redeem the property, and that they be granted the possession of the premises and the right to all rents and profits therefrom during the eighteen months.

The reply was a general denial.

It will be seen that many of the facts were not contested. The trial court made extensive findings, among which were the following:

"VI. The court further finds that plaintiff collected rents from said tenant Schroeder up to January 14th, 1938, and that on said date said tenant Schroeder vacated said property and delivered keys to the plaintiff association without defendants' knowledge or consent; that immediately plaintiff went into possession of said property and made repairs, and on the 23d day of February, 1938, plaintiff rented said property to one Myrtle Roberts, all of which was done without any notice to, or knowledge of, the defendants that Schroeder vacated the property or turned the keys to plaintiff, or that plaintiff had taken possession until about ten days prior to the time this action was commenced.

"IX. The court further finds that the plaintiff is not in lawful possession as 'mortgagee in possession' and that the defendants are entitled to eighteen months' period of redemption."

Judgment was rendered in accordance with these findings. This appeal is from that judgment.

The first argument of plaintiff is that the letter from defendants to the tenant and the collecting of rents, making repairs and payment of taxes with the consent of defendants establish that it was in possession of the premises.

The letter written by defendants to the tenant goes far to disprove that plaintiff was in possession. Had plaintiff been in possession it would have needed no letter. Furthermore, the correspondence between plaintiff and defendants was carried on on the theory that the defendants were in possession. On December 17, 1934, plaintiff wrote defendants urging them to make a small payment on the contract over and above the rental payments. If they had any idea of being in possession of the property as mortgagees they would not have written this letter. On January 3, 1935, they asked defendants to make a small payment on the interest. Likewise on May 5, 1936, plaintiff wrote defendants a letter asking for additional payments on the interest.

In *Rice v. Capitol B. & L. Ass'n,* 141 Kan. 192, 40 P. 2d 361, this court held:

"The question whether a mortgagee of real property is in possession under such circumstances as to be a mortgagee in possession is largely a question of fact." (Syl. ¶ 1.)

The burden was on plaintiff to establish that it was a mortgagee in possession. It did not sustain this burden in this case but, on the

other hand, the evidence convinced the trial court that it had never had possession. We cannot disturb this finding.

Plaintiff next argues that the act of plaintiff in renting the property to the tenant on February 23, 1938, and making repairs constituted it a mortgagee in possession. This entering was made possible because the tenant to whom defendants had rented the property handed the key to an employee of plaintiff when they vacated. This act of the tenant conferred no right or authority on plaintiff to enter this property. It could not obtain any greater right from this transaction than it had before.

The judgment of the trial court is affirmed.